TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Shari Corbett*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shari Corbett,<br><br>            Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc.<br>an Ohio corporation;<br>Trans Union, LLC,<br>a Delaware limited liability company;<br>Equifax Information Services, LLC, a<br>Georgia corporation;  and<br>Capital One Bank, USA, NA<br>a national association,<br>            Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, SHARI CORBETT, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

    b. Trans Union, LLC, ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

    c. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona; and

    d. Capital One Bank, USA, NA ("Capital One"), which is a national association that maintains a registered agent in Richmond, Virginia.

## GENERAL ALLEGATIONS

6. Capital One is reporting its trade line with account number 6206218185682XXXX ("Errant Trade Line") with multiple charge offs on Plaintiff's Experian, Equifax, and Trans Union credit files.

7. These multiple charge offs give any user or prospective of Plaintiff's credit reports that not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

8. On or about September 21, 2015, Ms. Corbett obtained her Experian, Equifax, and Trans Union credit files and noticed that Capital One had multiple KDs (Key Derogatory) on its Errant Trade Line.

9. On or about October 5, 2015, Ms. Corbett, submitted a letter to the CRAs, disputing the multiple charge offs on the Capital One Errant Trade Line.

10. Upon information and belief, Defendants Experian, Trans Union, and Equifax forwarded Ms. Corbett's dispute to Defendant Capital One.

3

11. On or about October 15, 2015, Ms. Corbett received correspondence from Experian, which stated that it previously processed the dispute and the credit grantor had verified its accuracy. Experian stated that pursuant to Section 611(a)(3)(A) of the FCRA, it would not reinvestigate the same dispute again.

12. On or about October 28, 2015, Ms. Corbett received Equifax's investigation results, which showed that Capital One retained the multiple charge offs on the Errant Trade Line.

13. On or about October 30, 2015, Ms. Corbett received Trans Union's investigation results, which also showed that Capital One retained the multiple charge offs on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

14. Plaintiff re-alleges the above paragraphs as if recited verbatim.

15. After being informed by the CRAs of Plaintiff's consumer dispute regarding the Errant Trade Line, Capital One negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

16. Capital One negligently failed to review all relevant information available to it and provided by the CRAs in conducting its investigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the

multiple charge-offs from the Errant Trade Line from Ms. Corbett's consumer credit reports.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Corbett's consumer credit files with Experian, Equifax, and Trans Union to which it is reporting such trade line.

18. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Ms. Corbett has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Capital One is liable to Ms. Corbett by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Ms. Corbett has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

21. Plaintiff re-alleges the above paragraphs as if recited verbatim.

22. After being informed by the CRAs that Ms. Corbett disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper investigation of Ms. Corbett's dispute.

23. Capital One willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Ms. Corbett has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Capital One is liable to Ms. Corbett for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

26. Plaintiff re-alleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Corbett as that term is defined in 15 USC 1681a.

28. Such reports contained information about Ms. Corbett that was false, misleading, and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Corbett, in violation of 15 USC 1681e(b).

30. After receiving Ms. Corbett's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Corbett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Experian is liable to Ms. Corbett by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff re-alleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Corbett as that term is defined in 15 USC 1681a.

35. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Corbett, in violation of 15 USC 1681e(b).

37. After receiving Ms. Corbett's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Corbett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Experian is liable to Ms. Corbett by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

1. **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

40. Plaintiff re-alleges the above paragraphs as if recited verbatim.

41. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Corbett as that term is defined in 15 USC 1681a.

42. Such reports contained information about Ms. Corbett that was false, misleading, and inaccurate.

43. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Corbett, in violation of 15 USC 1681e(b).

44. After receiving Ms. Corbett's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Corbett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Trans Union is liable to Ms. Corbett by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

47. Plaintiff re-alleges the above paragraphs as if recited verbatim.

48. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Corbett as that term is defined in 15 USC 1681a.

49. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Corbett, in violation of 15 USC 1681e(b).

51. After receiving Ms. Corbett's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Corbett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Trans Union is liable to Ms. Corbett by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

54. Plaintiff re-alleges the above paragraphs as if recited verbatim.

55. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Corbett as that term is defined in 15 USC 1681a.

56. Such reports contained information about Ms. Corbett that was false, misleading, and inaccurate.

57. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Corbett, in violation of 15 USC 1681e(b).

58. After receiving Ms. Corbett's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Corbett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Equifax is liable to Ms. Corbett by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

61. Plaintiff re-alleges the above paragraphs as if recited verbatim.

62. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Corbett as that term is defined in 15 USC 1681a.

63. Such reports contained information about Ms. Corbett that was false, misleading, and inaccurate.

64. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Corbett, in violation of 15 USC 1681e(b).

65. After receiving the Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Corbett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Equifax is liable to Ms. Corbett by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 9, 2016            NITZKIN & ASSOCIATES

                                By: */s/  Trinette G. Kent*
                                Trinette G. Kent
                                Attorneys for Plaintiff,
                                Shari Corbett